# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIANELA LEON ESPINOZA; MAYRA MENDEZ; LORGIA BOLAINEZ DIAZ; YURY VASQUEZ PEREZ; AMMY VARGAS BAQUEDANO; MARIELA RAMOS,<br><br>Petitioners,<br><br>v.<br><br>POLLY KAISER, et. al,<br><br>Respondents. | Case No. 1:25-CV-01101 JLT SKO<br><br>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS<br><br>(Doc. 2) |

The six Petitioners in this case are all female asylum seekers from Central and South American nations who, after brief periods of detention following arrival in this country, were released on their own recognizance into the United States. All of them were recently re-detained without prior notice. Marianela Leon Espinoza is a 24-year-old native and citizen of Peru who entered the United States without inspection on or about July 11, 2022. Mayra Mendez is a 44-year-old native and citizen of Belize who entered the United States without inspection on or about January 8, 2024. Lorgia Bolainez Diaz is a 43-year-old citizen of Nicaragua who entered the United States without inspection on or about March 19, 2024. Ammy Vargas Baquedano is a 32-year-old native of Nicaragua who entered the United States without inspection on or about April 12, 2022. Mariela Ramos is a 44-year-old native of Guatemala who entered the United States

1  without inspection on or about November 18, 2024. Yury Vasquez Perez is a 19-year-old citizen
2  of Guatemala who entered the United Stats unlawfully on or about January 29, 2024.

3  On August 29, 2025, Petitioners filed a joint petition for a writ of habeas corpus pursuant
4  to 28 U.S.C. § 2241, alleging that their detentions violate the Fifth Amendment's right to
5  substantive and procedural due process as well as the Fourth Amendment. (Doc. 2.)

6  On September 5, 2025, the Court held a hearing on the motion for a temporary restraining
7  order and issued an order the same day, ordering the immediate release of all Petitioners except
8  Yury Vasquez Perez. (Doc. 14; Doc. 15 at 21–22.) The Court also ordered Respondents to file
9  supplemental briefing related to the preliminary injunction. (Doc. 15 at 22.) Both parties waived
10 their right to further written and oral argument. (Docs. 17, 18.)

11 On September 18, 2025, the Court issued an order granting a preliminary injunction,
12 finding that Petitioner is likely to succeed on the merits of their habeas claims that their re-
13 detention without a pre-deprivation hearing violated their rights under the Due Process Clause of
14 the Fifth Amendment. (*See* Doc. 20 at 6–23.) Petitioners have filed an additional brief regarding
15 the merits of their jointly filed habeas petition on November 17, 2025. (Doc. 23.)

16 Respondents have moved to sever the petitions from each other and to dismiss all but the
17 first named Petitioner from this lawsuit. (Doc. 10.) Respondents also oppose the Petition on the
18 merits, arguing that all six Petitioners were "mandatorily" re-detained pursuant to 8 U.S.C.
19 § 1225(b)(1). (Doc. 11.) The Court has already considered and rejected Respondents' arguments
20 in the PI order. (*See* Doc. 20 at 6–23). Respondents have since filed an additional brief restating
21 their prior argument that Petitioners are subject to mandatory detention; the Court finds no new
22 argument or case raised in this new brief. (Doc. 24.)

23 Thus, for the reasons stated in the Court's order granting a preliminary injunction, the
24 Court finds that Petitioner's re-detention without a pre-deprivation hearing violated the Due
25 Process Clause of the Fifth Amendment. (*See* Doc. 20 at 6–23.) Accordingly, the petition for
26 writ of habeas corpus, (Doc. 2), is **GRANTED**.

27 Respondents are **PERMANENTLY ENJOINED AND RESTRAINED** from re-
28 arresting or re-detaining Marianela Leon Espinoza, Mayra Mendez, Lorgia Bolainez Diaz,

Ammy Vargas Baquedano, Mariela Ramos or Yury Vasquez Perez[1] absent compliance with constitutional protections, which include at a minimum, pre-deprivation notice of at least seven days before a pre-deprivation hearing at which the government will bear the burden of demonstrating by clear and convincing evidence that he is likely to flee or pose a danger to the community if not arrested. [2]

The Clerk of Court is directed to close this case and enter judgment for Petitioner.

IT IS SO ORDERED.

Dated: **February 5, 2026**

*/s/ Jennifer L. Thurston*
UNITED STATES DISTRICT JUDGE

---

[1] This order applies to Yury Vasquez Perez **only if** this petitioner has been released from custody.
[2] If legally sufficient circumstances justify arrest without notice in advance, a post-deprivation hearing consistent with the requirements set forth here, **SHALL** be provided within seven days of the arrest.