**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

MARIANELA L.E., et al.,

Petitioners,

v.

MINGA WOFFORD, et al.,

Respondents.

No. 1:25-cv-01101 JLT EGC (HC)

ORDER ADOPTING IN PART FINDINGS AND RECOMMENDATIONS, GRANTING IN PART PETITIONERS' MOTION FOR FEES

(Docs. 35, 38)

Marianela L.E, Mayra M., Lorgia B.D., Yury V.P., Ammy V.B., and Mariela R. are former federal detainees proceeding by counsel who obtained habeas relief from this Court under 28 U.S.C. § 2241. (Docs. 1, 26.) This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302(c)(17).

On September 8, 2026, the assigned magistrate judge issued findings and recommendations to grant Petitioners' motion for award of attorney's fees pursuant to 28 U.S.C. § 2412. (Doc. 38.) The magistrate judge recommended that Respondents be ordered to pay attorney's fees and expenses in the amount of $27,707.68. *Id.* at 9. The Court served the findings and recommendations on all parties. Respondents did not timely object. (*See* Docket.)

According to 28 U.S.C. § 636(b)(1), the Court conducted a *de novo* review of this case. Having carefully reviewed the entire file, the Court concludes that the findings and recommendations are supported by the record and by proper analysis with two exceptions. First,

between 8/20/25 and 8/25/25, Attorney Petty engaged in 5.6 hours of work annotated as "Investigate potential members of group habeas petition." (Doc. 35-2 at 6.) It is not clear how much of this time was dedicated to casework for those individuals eventually selected for inclusion in this joined habeas petition. Thus, the Court will reduce these hours by half, for a total reduction of 2.8 hours of attorney time. Relatedly, Attorney Petty billed 8.3 hours for "Travel to Mesa Verde to take meetings with petitioners and potential petitioners." (*Id.*) Again, it is not clear how much of this time was dedicated to meetings with petitioners versus "potential petitioners." Assuming a considerable amount of this 8.3-hour block was dedicated to travel between San Francisco and Mesa Verde, in Bakersfield, the Court concludes only a small amount of time may have been dedicated to meetings with potential petitioners, so will deduct only one additional hour. Thus, the fee award will be reduced by 3.8 hours x $258.46/hr, for a total reduction of $982.15, making the new total award of $26,725.53.

Accordingly, **IT IS HEREBY ORDERED**:

1. The findings and recommendations issued on September 8, 2026 (Doc. 38) are **ADOPTED** in part.
2. Petitioners' motion for award of attorney's fees pursuant to 28 U.S.C. § 2412 (Doc. 35) is **GRANTED IN PART**:
    a. Respondents are **ORDERED** to remit to counsel for Petitioner's attorney's fees and expenses in the amount of $26,725.53.
    b. This award shall be made payable to Petitioners, but if the Department of the Treasury determines that Petitioners do not owe a federal debt, then Respondents shall cause the payment of attorney's fees and expenses to be made directly to Petitioners' counsel.

IT IS SO ORDERED.

Dated: November 10, 2026

Jennifer L. Thurston
UNITED STATES DISTRICT JUDGE